UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, CDCR #K-91850,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FRED SEDIGHI, et al,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:25-cv-1100-RBM-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES [Doc. 3];**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2];**<br><br>**(3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**(4) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. 4] AS MOOT; and** |

　　On April 28, 2025, Plaintiff Larry Smith ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment right to adequate medical care when they failed to properly treat him for spinal abscesses and osteomyelitis. (*See* Doc. 1.)  Plaintiff has also filed a Motion

to Proceed *In Forma Pauperis* ("IFP"), a Motion for Leave to File Excess Pages, and a Motion for Appointment of Counsel. (Docs. 2–4.) For the reasons discussed below, the Court **GRANTS** the motion to file excess pages, **DENIES** the IFP motion, **DENIES** the motion for appointment of counsel without prejudice, and **DISMISSES** this action without prejudice.

## I.   MOTION FOR LEAVE TO FILE EXCESS PAGES

Smith moves for leave to file excess pages of exhibits in support of his Complaint. (*See* Doc. 4.) Under Civil Local Rule 8.2(a), pro se litigants who are incarcerated are prohibited from filing complaints exceeding twenty-two (22) pages, consisting of the Court's seven-page form section 1983 complaint plus no more than fifteen additional pages. *See* S.D. Cal. CivLR 8.2(a). While Plaintiff has submitted 58 pages of exhibits, his Complaint itself is only twenty pages long. (*See* Doc. 1.) Thus, although the voluminous exhibits (*see* Docs. 1-2, 1-3, 1-4) could be construed to violate the Court's Local Rules, the Court **GRANTS** the motion.

## II.   MOTION TO PROCEED IFP

Parties instituting any civil action in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court must assess, and when funds exist, collect an "initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

Here, Plaintiff's IFP motion is incomplete. While he has included a partial copy of a trust account statement, the statement is outdated. Specifically, Plaintiff has submitted a single page of a trust account statement dated December 9, 2024, and including account information only for November and December of 2024, instead of the required statement for the six months prior to his filing of this action on April 28, 2025. (*See* Doc. 2 at 9.) Because the financial information provided by Plaintiff is outdated and incomplete, the Court cannot discern his present ability to pay the filing fee. Therefore, the IFP motion is **DENIED** for failure to comply with 28 U.S.C. § 1915(a)(2) and as such, the case must be **DISMISSED** without prejudice. *See Williams v. Mayberg*, No. C034425 MMC (PR), 2003 WL 22519421, at *1 (N.D. Cal. Nov. 4, 2003) (denying IFP and dismissing action because the plaintiff provided only an out-of-date trust account statement); *see also* S.D. Cal. CivLR 3.2.

### III.    MOTION FOR APPOINTMENT OF COUNSEL

Since the Court must dismiss the action, Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** as moot, without prejudice to Plaintiff making a renewed

request should the case be reopened and should he satisfy the criteria for discretionary appointment of counsel in a civil case.

## IV.   CONCLUSION

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (Doc. 3).

2. **DENIES** Plaintiff's Motion to Proceed IFP (Doc. 2) and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

3. **DENIES** Plaintiff's Motion for Appointment of Counsel (Doc. 4) without prejudice as moot.

4. **GRANTS** Plaintiff **until September 15, 2025** to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP*, which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full or by submitting a properly supported IFP Motion by **September 15, 2025**, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

5. **DIRECTS** the Clerk to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED**.

Dated:  July 29, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE