UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>                                   Plaintiff,<br><br>          vs.<br><br>FRED SEDIGHI, et al,<br><br>                                   Defendants. | Case No.:  3:25-cv-1100-RBM-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND**<br><br>**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 11]** |

Plaintiff Larry Smith is proceeding *pro se* with a civil action pursuant to 42 U.S.C. § 1983.  On January 28, 2026, the Court dismissed Smith's Complaint without prejudice and with leave to file a first amended complaint by March 30, 2026.  (*See* Doc. 10.)  On March 18, 2026,[1] Plaintiff filed a Motion for an Extension of Time and for Appointment

---

[1] Notations on the envelope in which the document was mailed indicate Smith turned the document over to prison staff for mailing on March 18, 2026.  (*See* Doc. 11 at 15.) Although the motion was not docketed until April 20, 2026, under the "mailbox rule," a

1

of Counsel.  (Doc. 11.)  For the reasons discussed below, the Court **DENIES** the Motion for Appointment of Counsel and **GRANTS** the Motion for Extension of Time.

### I.   MOTION FOR APPOINTMENT OF COUNSEL

The Court has previously denied two requests from Plaintiff for appointment of counsel.  (Docs. 6, 10.)  As discussed in those orders, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).  Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  However, district courts do have discretion pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In his Motion, Plaintiff raises the same reasons for seeking appointment of counsel as in prior motions.  (*See* Doc. 11.)  But, as previously discussed, limited access to the prison law library and unfamiliarity with the law are common circumstances faced by most pro se prisoners and do not by themselves constitute "exceptional circumstances." *See e.g., Wood*, 900 F.2d at 1335–36 (denying appointment of counsel where plaintiff complained of limited access to prison law library and lacked a legal education).  Thus, because it

---

document is deemed to be "filed" when a prisoner delivers it to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

3:25-cv-1100-RBM-DEB

appears Plaintiff is capable of articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex, and because Plaintiff has yet to show he is likely to succeed on the merits of the claims, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

## II. MOTION FOR EXTENSION OF TIME

Smith also seeks an extension of time to file his amended pleading. (Doc. 11.)  He states he has been dealing with both physical and mental health problems and, in addition, much of his legal work was somehow lost.  (*Id.* at 2, 3.)  Good cause appearing, the Court **GRANTS** Plaintiff's motion for an extension of time.  (*Id.*)  Plaintiff's amended complaint is now due **no later than June 15, 2026**.[2]

## III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice and **GRANTS** his Motion for an Extension of Time.  Plaintiff **must file his amended complaint by June 15, 2026**.

**IT IS SO ORDERED.**

Dated:  May 4, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff fails to timely file an amended complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").